**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-CV-26515-HERNANDEZ**

**PEDRO ANAYA,**

*Plaintiff,*

*v.*

**CAMILUS HOUSE,**

*Defendant.*
_______________________________________/

# ORDER

Plaintiff Pedro Anaya ("Plaintiff"), moving *pro se*, filed a Motion to Proceed *in Forma Pauperis* ("Motion"). [ECF No. 3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under these screening provisions, Plaintiff's Complaint, [ECF No. 1], must fail. Thus, we **DISMISS** Plaintiff's Complaint **without prejudice** and **DENY** the Motion **as moot**.

## Law

In every case, "[f]ederal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. "A district

court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). To properly invoke a federal court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity, meaning each plaintiff must be diverse from each defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (explaining that "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant"). The plaintiff must also claim that the amount in controversy exceeds $75,000. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) ("To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000."); *see also Brooks v. Henry*, No. 19-cv-25051-DPG, 2020 WL 1703571, at *1 (S.D. Fla. Apr. 8, 2020) (granting dismissal where complaint was "devoid of any allegations regarding the amount in controversy"); *Kaye v. Pers. Inj. Funding III, LP*, 733 F. Supp. 2d 1345, 1347 (S.D. Fla. 2010) ("Here, the complaint makes no allegations regarding the amount in controversy, and thus diversity jurisdiction is lacking.").

Even where subject matter jurisdiction has been established, a court "must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). To state a claim properly, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a plaintiff need not set out detailed factual allegations, a complaint will not suffice if it tenders naked assertions devoid of further factual enhancement." *Dumond v. Carrington*, No. 22-cv-20339-

RKA, 2022 WL 1121741, at *4 (S.D. Fla. Apr. 14, 2022) (quotation marks omitted). To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quotation marks omitted).

At the outset, the Complaint fails to establish subject matter jurisdiction. Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332 as a citizen of California. [ECF No. 1 at 3]. *See also* [ECF No. 1-1 (under "citizenship of principal parties," checking "citizen of another state")]. Yet he also claims to reside in Miami, Florida. [ECF No. 1 at 1]. Because of this discrepancy, we cannot determine whether diversity jurisdiction is satisfied. There is a presumption that a person is a citizen of the state in which they reside, and Plaintiff offers no factual basis to support why he is still a citizen of California. *See Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. July 3, 2003) (quoting *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998)) (explaining the presumption that "the state in which a person resides at any given time is also that person's domicile.").

Plaintiff also fails to satisfy the amount in controversy requirement, and this is independently fatal to diversity jurisdiction. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("[W]here jurisdiction is based on a claim for indeterminate damages, *the Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum."); *Co. Prop. & Cas. Ins. Co. v. Metal Roofing Sys.*, No. 13-cv-60659-RSR, 2013 WL 5770730, at *3 (S.D. Fla. Oct. 14, 2013) (explaining that the amount in controversy requirement

demands "that Plaintiff convince this Court that it is more likely than not that the pleading satisfies the jurisdictional minimum," although "reasonable inferences" by the Court are permitted). As discussed immediately below, it is unclear whether Plaintiff is only suing to vindicate deprivation of his rights or whether he is suing for monetary damages, but it appears that at least some of Plaintiff's claims are for the vindication of constitutional rights. *See* [ECF No. 1 at 3–4]. To explain how the amount in controversy requirement is met, Plaintiff says only: "over excessive amount of reasons 14th amendment discrimination for not behing [sic] religious discrimination (thinking I am Hispanic that I am not[.)]" [ECF No. 1 at 4]. The Court cannot determine what Plaintiff means to allege here, but nothing in this explanation indicates that the amount in controversy exceeds $75,000. As pled, the Court may not exercise jurisdiction over Plaintiff's Complaint.

Jurisdictional defects aside, the Complaint fails to make out a coherent, let alone adequate, claim for relief. The Complaint's statement of claim is deeply confusing: "I am claiming everything that relates violations to this case." *Id.* at 4. This is far from "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Nor do Plaintiff's other allegations clarify matters. In response to the question addressing federal question jurisdiction, Plaintiff writes: "not being religious 14th Amendment discrimination, harassment, physical[ly] disable[d] to climb up top bunk falling back to the ground no shower shoes causing fungus on feet etc." [ECF No. 1 at 3]. This greatly increases the Court's confusion, as it appears that Plaintiff could be intending to set forth any mixture of Fourteenth Amendment discrimination claims, personal injury claims, and/or claims arising from a lack of his apartment's habitability. His requested relief appears to emphasize the potential personal injury and habitability claims, requesting "maximum amount life and death risk." *Id.* at 4. But Plaintiff's Civil Cover sheet categorizes this case under "Other Civil Rights"—meaning civil rights which are unrelated to voting, employment, housing/accommodations, disability, or education. [ECF No. 1-1]. Faced with these ambiguous and internally contradictory

representations, the Court must dismiss. At this point, we cannot determine *which* statute or constitutional provision Plaintiff invokes, let alone whether he has adequately pled the elements of that provision.

Given that Plaintiff is proceeding *pro se*, the Court will allow him to amend. Plaintiff must comply with all applicable procedural rules and allege sufficient facts in the amended complaint to plausibly state a claim. Plaintiff should specifically ensure that his amended complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. In accordance with Rule 8, Plaintiff's amended complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). While Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim [for] relief that is plausible on its face." *Id.* at 555, 570 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff's factual allegations in his amended complaint must satisfy this pleading standard, should clarify what claim Plaintiff seeks to bring, and should allege what the Defendant did to give rise to a claim. Moreover, in his amended complaint, Plaintiff must state the claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Complaint, [ECF No. 1], is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file an amended complaint that complies with this Order by December 12, 2026. Failure to comply with this Order by that date will result in the case being dismissed without prejudice and without further notice. *See* FED. R. CIV. P. 41(b).
2. Plaintiff's Motion to Proceed *in Forma Pauperis*, [ECF No. 3], is **DENIED as moot**.
3. The Clerk is directed to **administratively CLOSE** this case. The Court will reopen the case once Plaintiff has filed an amended complaint and otherwise complied with this Order.

**DONE AND ORDERED** in the Southern District of Florida on November 12, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: *Pro se* Plaintiff Pedro Anaya
1255 NW 58th St.
Apt. 206
Miami, FL 33142

All Counsel of Record